## SCHOCK INDEPENDENT OIL CO. v. SINCLAIR REFINING CO.

Court of Appeals of District of Columbia.

Submitted January 16, 1928. Decided February 6, 1928.

Petition for Rehearing Denied February 18, 1928.

No. 2026.

1. **Trade-marks and trade-names and unfair competition** ⬤⟞43—Similarity between words "Sico" and "Sinco," as trade-marks for petroleum products, held to justify refusal of registration to former.

In trade-mark opposition proceeding, word "Sico," for petroleum·products, *held* so familiar to "Sinco," previously adopted by another company as trade-mark for petroleum products, as to be likely to cause confusion and mistake in minds of public or to deceive purchasers, and its registration was therefore properly refused.

2. **Trade-marks and trade-names and unfair competition** ⬤⟞32—Discontinuance of use of trade-mark in domestic commerce held not to show intent to abandon such mark.

Action of oil company, which previously used certain trade-mark in both domestic and foreign commerce, in confining its use to shipments in foreign commerce, *held* not to show intent to abandon such mark.

Appeal from the Commissioner of Patents.

Application by the Schock Independent Oil Company for the registration of a trade-mark, opposed by the Sinclair Refining Company. From concurrent decisions of the Patent Office tribunals, sustaining the opposition and refusing registration, applicant appeals. Affirmed.

A. M. Houghton and A. R. Henry, both of Washington, D. C., for appellant.

E. S. Rogers, of Chicago, Ill., and T. L. Mead, Jr., and N. J. Jewett, both of Washington, D. C., for appellee.

By stipulation of counsel this case was heard before two members of the court, ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in a trade-mark opposition proceeding, in which the opposition was sustained and registration of the word "Sico" as a trade-mark for petroleum products was refused appellant.

In 1916 the appellee, the Sinclair Refining Company, adopted the word "Sinco" as a trade-mark for petroleum products, and in 1919 it secured registration of this mark. From the time of its adoption until about 1922 the mark was continuously used by appellee in both domestic and foreign commerce. Since 1922 the use of the mark has been confined to shipments in foreign commerce. Officials of the Sinclair Company denied any intent to abandon the mark.

[1, 2] The adoption in 1921 of the word "Sico" by appellant was with full knowledge of the adoption and use by appellee of the word "Sinco" upon the same class of goods. See Guggenheim v. Cantrell & Cochrane, 56 App. D. C. 100, 10 F.(2d) 895. Appellant contends, first, that there is not such a similarity in the marks as to be likely to cause confusion and mistake in the minds of the public, or to deceive purchasers; and, second, that appellee has abandoned its mark.

As to the first ground, we think it apparent that the two marks are similar in appearance and sound, and that their concurrent use on the same class of goods would be likely to result in confusion. As to the second ground, there is no evidence warranting a finding of abandonment. See Saxlehner v. Bisner & Mendelson Co., 179 U. S. 19, 21 S. Ct. 7, 45 L. Ed. 60; Baglin v. Cusenier Co., 221 U. S. 580, 31 S. Ct. 669, 55 L. Ed.

863. The mere fact that the Sinclair Company is not now using the mark in domestic commerce certainly does not establish such an intent. The decision is affirmed.

Affirmed.